IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| SWEENEY GILLETTE, KENDRA GILLETTE, and RICHARD HOYT, | Case No.  2:14-CV-01542-SU |
| Plaintiffs, | ORDER ON MOTION TO DISMISS |
| v. | |
| MALHEUR COUNTY, ROBERT SPEELMAN, KIRK B. MILLER, LYNN GIBSON, DAWN SCHOOLEY, LARRY HAYHURST, JACK NOBLE, RODGER HUFFMAN, GREG ROMANS, SHERIFF BRIAN WOLFE, TRAVIS JOHNSON, BOB WROTEN, DR. BILL BARTON, KENNETH HOOVER, JEFF ANDERSON, 6 UNKNOWN JANE DOES, and 6 UNKNOWN JOHN DOES, personally and individually, | |
| Defendants. | |

SULLIVAN, United States Magistrate Judge:

Plaintiffs Sweeney Gillette, Kendra Gillette, and Richard Hoyt filed a complaint against Malheur County in southeastern Oregon, 14 government employees in Oregon, Idaho, and Colorado, and 12 unknown defendants.  Plaintiffs allege constitutional violations pursuant to 42 U.S.C. § 1983

Page 1 - ORDER

and numerous state law claims. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" and also on the grounds that the complaint does not provide a "short and plain statement of the claim[s]" as required by Rule 8. Fed. R. Civ. P. 12(b)(6) & 8(a)(2). Plaintiffs oppose the motions. For the reasons set forth below, the Court dismisses the complaint on Rule 8 grounds and orders plaintiffs to file an amended complaint in 30 days time.[1]

## BACKGROUND

Plaintiffs filed their initial complaint on September 26, 2014 and filed a first amended complaint ("the complaint") on November 19, 2014. The complaint names as defendants Malheur County, Malheur County Sheriff Brian Wolfe, a Malheur County Sheriff's sergeant and three deputies, four Idaho Department of Agriculture employees, two Oregon Department of Agriculture employees, an Idaho U.S. Department of Agriculture ("USDA") inspector, a Colorado USDA inspector, and 12 unidentified "Doe" defendants. Am. Compl., at 8-21. Plaintiffs allege that, in the course of a multi-agency investigation of plaintiffs' cattle operations, defendants violated plaintiffs' constitutional rights; defamed and slandered plaintiffs as cattle thieves; and committed conversion, tortious interference with a business relationship, intentional infliction of emotional distress and other misconduct. Am. Compl., at 3,7, 26-41. The complaint is 45 pages long and incorporates by reference another 106 pages of exhibits. The pleading totals 151 pages, and it appears plaintiffs

---

[1] Federal Rule of Civil Procedure 72(a) authorizes a magistrate judge to issue a decision in the form of an "order" rather than "findings and recommendations" when the judge's ruling is "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). Because "dismissal of a complaint with leave to amend is a non-dispositive matter," this Court has the authority to issue an order. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Page 2 - ORDER

intended to submit dozens more pages of exhibits but omitted them.[2]  The Malheur County defendants, the Idaho Department of Agriculture defendants, and the Oregon Department of Agriculture defendants have filed separate motions to dismiss all of plaintiffs' claims against them. All three motions invoke Rules 8 and 12.  Idaho Defs.' Mot. Dismiss, at 4; Oregon Defs.' Mot. Dismiss, at 1; Malheur County Defs.' Mot. Dismiss, at 2.[3]  The Court does not reach defendants' Rule 12(b)(6) motions to dismiss for failure to state a claim, because the Court finds the complaint should be dismissed on Rule 8 grounds.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim," whether the complaint pleads enough facts to state a claim to relief that is plausible on its face. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir.2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Courts may dismiss on Rule 12(b)(6) grounds when the complaint lacks "a cognizable legal theory" or lacks "sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *UMG Recordings, Inc. v. Shelter Capital*

---

[2] Plaintiffs describe Exhibit 1 as the Malheur County Sheriff's search warrant affidavit totaling 79 pages.  *See* Doc. text; Am. Compl., at 3.  However, pages 33-60 and pages 71-79 appear to be missing from the record.  Compl. Ex. 1 (Doc. #1-4, 1-5).  Should plaintiffs file an amended complaint, the Court advises them to submit their exhibits with greater care so as not to omit pages.

[3] Plaintiffs also filed a motion for leave to amend on March 18, 2015, but the motion and accompanying declaration do not comply with Local Rule 15.  The motion and declaration fail to describe plaintiffs' proposed amendments nor do they provide a copy of the proposed amended complaint.  Pls.' Mot. Amend 1; Glass Decl. 2.  Furthermore, the motion requests the Court rule first on defendants' motions to dismiss.  *Id.*  Accordingly, the Court does not address plaintiffs' deficient motion to amend.  As explained in this opinion, the Court recommends dismissal of the present complaint without prejudice.  In the interest of efficiency, the Court orders plaintiffs to file an amended complaint within 30 days.  Should they see fit, defendants may file motions to dismiss thereafter and request oral argument.

Page 3 - ORDER

*Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). Complaints may also be dismissed on Rule 8 grounds independent of Rule 12(b)(6). *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Flores v. EMC Mortgage Co.*, 997 F. Supp. 2d 1088, 1100 (E.D. Cal. 2014). Rule 8 requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It also requires that "each allegation must be simple concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint violates Rule 8 if it "is so verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 "applies to good claims as well as bad" and a court may dismiss a meritorious claim if it lacks the requisite simplicity, conciseness, and clarity. *McHenry*, 84 F.3d at 1179; *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). This is because the purpose of Rule 8 is to ensure the plaintiff provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "Prolix, confusing complaints ... impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

## DISCUSSION

Although defendants bring Rule 12(b)(6) motions, the Court cannot properly assess the legal sufficiency of plaintiffs' claims from the complaint as written. "[T]he very prolixity of the complaint [makes] it difficult to determine just what circumstances [are] supposed to have given rise to the various causes of action." *McHenry*, 84 F.3d at 1178. As such, the Court bases its dismissal on Rule 8 and not Rule 12(b)(6).[4]

---

[4] Thus, the Court does not address defendants' 12(b)(6) arguments for dismissal. These include arguments that plaintiffs' claims are time-barred, that plaintiffs failed to give required notice of tort claims, and that plaintiffs fail to state an adequate 14th Amendment argument. Although not dispositive, the present complaint appears legally insufficient in many respects. In their next amended complaint, plaintiffs would be well advised to more clearly state the legal

The Ninth Circuit has repeatedly held that a complaint should be dismissed on Rule 8 grounds if it "is so verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131; *Corcoran v. Yorty,* 347 F.2d 222, 223 (9th Cir. 1965); *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969). "While the proper length and level of clarity for a pleading cannot be defined with any great precision, Rule 8(a) has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1059 (9th Cir. 2011). For example, many courts have dismissed complaints for failing to connect rambling factual allegations to specific legal claims or for failing to specify which claims applied to which defendants. *See, e.g., McHenry*, 84 F.3d at 1174 (53-page complaint mixed "allegations of relevant facts, irrelevant facts, political argument, and legal argument in a confusing way" and did not indicate which claims applied to which of the 20 defendants); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988)("Plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)"); *Flores*, 997 F. Supp. 2d at 1103 (86-page complaint was "duplicative," lacked cohesion, and failed to give clear notice of which claims corresponded to each defendant).

Here, plaintiffs filed a 151-page complaint naming 27 defendants and asserting a changing litany of claims. Plaintiffs begin the complaint with a "Summary of Causes of Action" section which explicitly lists plaintiffs' seven claims as: (1) "Deprivation of Plaintiff's Fourteenth Amendment right to due process liberty interest in property income and business relationships"; (2) "Fourth

---

theory of their case and address legal deficiencies.

Page 5 - ORDER

Amendment Civil Rights Violations"; (3) intentional interference with business relationships; (4) defamation; (5) slander; (6) conversion; and (7) intentional infliction of emotional distress. Am. Compl., at 2-3, 7. Toward the end of the complaint, plaintiffs list each claim again in capital letters but alter the substance of several of the claims. *Id.* at 26-41. They change the first claim to "Deprivation of First, Fourth and Fourteenth Amendment Due Process Liberty Interest in Plaintiffs' Right to Conduct Business, to Income, Personal Property, and Business Relationship with their Bank," omit slander as a separate cause of action, and add a claim for "Governmental and Supervisory Liability." *Id.* at 26, 30, 36, 37, 40.[5] Not only do plaintiffs provide confusing and conflicting lists of claims, they scatter additional claims throughout the complaint. They accuse defendants of "abuse of process and malicious prosecution," harassment, and extortion. *Id.* at 18 (abuse of process and malicious prosecution), 7, 12-13, 32, 39 (harassment), 13 (extortion). The complaint fails to adequately notify defendants of the specific claims against each individual defendant.

Adding to the confusion, the complaint offers no chronological narrative or summary of the facts giving rise to plaintiffs' claims. Rather, plaintiffs intersperse pieces of the narrative throughout the complaint. The section dedicated to identifying each defendant accompanies each name with sometimes pages of disjointed factual allegations concerning his or her alleged role. *Id.* at 8-21. It is often unclear if plaintiffs are repeating the same allegation in regard to a different defendant or alleging a separate, similar occurrence. Perhaps in an effort to clarify, plaintiffs provide an

---

[5] Plaintiffs provide yet another list of claims in their prayer for relief and change the first claim yet again, removing the First Amendment reference. *Id.* at 42.

Page 6 - ORDER

"Additional Facts" section which includes a 4-page bulleted timeline. *Id.* at 22-25. However, the timeline fails to clarify the muddled factual allegations, and leaves out an entire year. *Id.* at 22. For the time period it covers, the timeline omits key events such as the alleged unconstitutional searches of plaintiffs' property on Sept. 26, 2012 and plaintiffs' receipt in June 2013 of public records that allegedly disclosed the extent of the defendants' misconduct. *Id.* at 2, 22-25. Meanwhile, the timeline lists exact dates for irrelevant minutiae such as "Hoover left his business card on Hector Salazar's door (Plaintiff's employee)." *Id.* at 21-25. Plaintiffs do little to filter the possibly salient details from the irrelevant ones. The complaint rambles and digresses into factual allegations with no apparent connection to the specific claims against the individual defendants. *See, e.g., id.* at 9 (alleged misconduct by a Nevada game warden, who is not a defendant), 21 (discussion and exhibit describing the Gillettes' advocacy for streamlining livestock traceability), 39 (allegations that a defendant had harassed a friend of the Gillettes).

      Plaintiffs further complicate the complaint by incorporating 106 pages of exhibits consisting mostly of long, methodical warrant affidavits. For example, plaintiffs incorporate a 79-page Malheur County search warrant affidavit. Am. Compl., at 3; Compl. Ex. 1 (Doc. #1-2, 1-3, 1-4, 1-5). Plaintiffs offer little explanation for incorporating the entirety of the affidavit except to say it contains numerous falsehoods. Am. Compl., at 3, 5, 27. Plaintiffs do not detail those falsehoods in the complaint,[6] but instead instruct the reader to review the attorney's handwritten notes scrawled

---

[6] Specifically, plaintiffs allege only that the warrant affidavit misstates plaintiff Ric Hoyt's role in the plaintiffs' cattle business by calling him a "partner." Am. Compl., at 5. However, the significance of this alleged "false statement" is unclear from the complaint. *Id.*

Page 7 - ORDER

in the margins of the affidavit. "The hand-written attorney's responses are intended to be incorporated into this complaint, and illustrates the examples of lack of factual foundation, speculation, deductive leaps, and the contradictory positions taken by the affiant." Am. Compl., at 4-5. The notes are almost entirely checkmarks, asterisks, question marks, and one or two-word personal notes such as "*no*," "*Ask Ric," and "interesting," *See, e.g.,* Compl. Ex. 1, at 7-8, 65 (Doc. # 1-2, 1-5). Even if the margin notes were admissible evidence, which they are not,[7] they fail to support or clarify plaintiffs' claims in any way. They merely increase the burden on defendants who must sort through yet more irrelevant information to learn the allegations against them. The Court finds the complaint lacks the simplicity, conciseness, and clarity necessary to provide defendants with sufficient notice of the claims against them. It "is so verbose, confused and redundant that its true substance, if any, is well disguised," and as such, the complaint does not meet the requirements of Rule 8. Accordingly, the Court dismisses the complaint.[8]

---

[7] Not only are the margin notes confusing and unhelpful, they do not accord with the federal rules of evidence. Plaintiffs' attorney should express his arguments in the pleadings themselves not in the margins of exhibit documents. Court advises plaintiffs to submit clean copies of all exhibits.

[8] The Court does not rule on Malheur County defendants' motions to strike, because the dismissal renders them moot. However, the Court notes that the motions appear well-taken. For example, the defendants move to strike paragraph 48 of the complaint and plaintiff's Exhibit 7 which describe unrelated lawsuits and instances of alleged misconduct by the Malheur County Sheriff's Department. Malheur County Defs.' Mot. Dismiss, at 5-6; *see* Am. Compl., at 32; Compl. Ex. 7 (Doc. #1-12). The defendants also move to strike plaintiff's Exhibit 5, a photocopy of plaintiff Kendra Gillette's published letter to the editor of a local newspaper expressing her opinions about cattle traceability. Malheur County Defs.' Mot. Dismiss, at 7; *see* Compl. Ex. 5 (Doc. #1-10). In the complaint as written, plaintiffs fail to establish any meaningful relationship between their claims and all of these allegations and exhibits. In their amended complaint, plaintiffs should either remove this material or clearly link it to the legal theory of their case.

Malheur County defendants urge the Court to dismiss the entire action with prejudice pursuant to Rule 41(b). Malheur County Defs.' Mot. Dismiss, at 1; Fed. R. Civ. P. 41(b). Under Rule 41(b), a court may dismiss an action with prejudice for failure to comply with Rule 8. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). However, this is a "harsh remedy," and a "district judge should first consider less drastic options" such as permitting plaintiffs to replead. *Id.* at 674; *McHenry*, 84 F.3d at 1178-79; *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1042 (9th Cir. 2014). However, courts need not exhaust all alternatives and may dismiss with prejudice when plaintiffs have repeatedly failed to meet Rule 8 requirements. *Id.* Here, plaintiffs are entitled to another opportunity to state their case. The Court dismisses the complaint without prejudice and orders plaintiffs to replead "a short and plain" statement of their claims in accordance with Rule 8.

## CONCLUSION

Defendants' motions to dismiss the first amended complaint (Doc. # 13, 19, and 21) are GRANTED without prejudice. The Court directs plaintiffs to file an amended complaint within 30 days of this Court's order. Plaintiffs' Motion for Leave to Amend (#31) is MOOT.

IT IS SO ORDERED.

DATED this ____ day of May, 2015.

                                                    /s/ Patricia Sullivan
                                                    Patricia Sullivan
                                                    United States Magistrate Judge